UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24462-CIV-WILLIAMS/MCALILEY

ALEJANDRO MUGABURU,

    Plaintiff,

vs.

AKIMA GLOBAL SERVICES, LLC,
DEPARTMENT OF HOMELAND
SECURITY and U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND THE COMPLAINT

Pending before the Court is Plaintiff's Motion for Leave to Amend the Complaint (the "Motion"), which the Honorable Kathleen M. Williams referred to me. (ECF Nos. 8, 18). In his proposed Amended Complaint, Plaintiff removes Defendants Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE"), and adds the United States of America and several of Defendants' employees as defendants. (Am. Compl., ECF No. 18-1). Plaintiff's proposed Amended Complaint also adds new common law claims against Defendant Akima Global Services, LLC ("AGS"). (*Id.*). AGS did not respond to the Motion and the time to do so has now passed. The Government filed a response that opposes amendment, and Plaintiff a reply. (ECF Nos. 21, 22).

1

This is Plaintiff's first request to amend the Complaint. Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A party who requests leave to amend ordinarily must be given at least one opportunity to do so before the complaint is dismissed." *Gen. Star Indem. Co. v. Triumph Hous. Mgmt., LLC*, No. 20-10165, 2021 WL 1921851, at *8 (11th Cir. May 13, 2021) (citation omitted).

The Court has "great discretion" in deciding whether to allow amendment following the filing of responsive pleadings. *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1314 (11th Cir. 2002). When deciding how to exercise that discretion, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Scopellitti v. City of Tampa*, 677 Fed. Appx. 503, 509 (11th Cir. 2017) (citation omitted).

The only basis upon which the Government opposes amendment is futility. The Government argues that amendment is futile because Plaintiff fails to satisfy the presentment requirement of the Federal Tort Claims Act ("FTCA").[1] (ECF No. 21 at 5-11).[2] DHS and ICE raise this argument in their pending Motion to Dismiss, (ECF No. 17).

---

[1] Although the Government attempts to frame the issue as one of subject matter jurisdiction, resolution of the Government's FTCA arguments will not affect the Court's subject matter jurisdiction because Plaintiff raises federal claims against other defendants. Therefore, even if Plaintiff fails to state a FTCA claim, the Court retains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

[2] The Government also asserts "for informational purposes only" that Plaintiff fails to state an Eighth Amendment claim against certain employees of ICE and ICE Health Services under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (ECF No. 21 at 11). These employees have not yet been served as defendants. The Court declines to consider the Government's

The Court declines to resolve that Motion as a predicate to deciding Plaintiff's request for leave to amend because, among other reasons, Plaintiff attaches new documents to its proposed Amended Complaint to address the Government's presentment argument. The Court is mindful that Rule 15 favors deciding cases on the merits, *Kayne v. Thomas Kinkade Co.*, No. 06-CV-2168, 2007 WL 9710108, at *2 (N.D. Ga. Mar. 29, 2007) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981)), and the Government will have another opportunity to raise its arguments in a renewed motion to dismiss if it so chooses.

For these reasons, the Court hereby **ORDERS** that Plaintiff's Motion for Leave to Amend the Complaint, (ECF No. 18), is **GRANTED**. Plaintiff shall file his proposed Amended Complaint, (ECF No. 18-1), **no later than Tuesday, May 25, 2021**.

DONE and ORDERED in chambers at Miami, Florida this 21st day of May 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Counsel of Record

---

"observations", (*id.*), particularly since Government counsel does not currently represent these individuals.